**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JAMES PATRICK DONOGHUE,

    Plaintiff,

    v.

JUDY NEWCOMBE,
JAMES REID,
DEREK ROSE,
OFFICE DIRECTOR NATIONAL INTELL.,
FEDERAL BUREAU OF INVESTIGATION,
CENTRAL INTELLIGENCE AGENCY,
DEPARTMENT OF STATE,
DEPARTMENT OF DEFENSE,
UNITED STATES COAST GUARD,
PRESIDENT JIMMY CARTER LIBRARY,
DAVID M. HARDY,
BRITTANY PARRIS,
FOIA OFFICER,
MARK LILLY,
MICHAEL LAVERGNE,
WILLIAM BARR,
STEPHANIE L. CARR,
FOIA OFFICER—U.S. DEPT. OF STATE,
SALLY A. NICHOLSON,

    Defendants.

Civil Action No.:  CCB-20-2736

**MEMORANDUM**

    The above-entitled action filed by pro se plaintiff James Patrick Donoghue who is currently incarcerated in the Limestone Correctional Facility located in Harvest, Alabama, concerns his efforts to obtain records through the Freedom of Information Act ("FOIA") that he maintains had an important impact on the sentencing imposed on him by the Alabama State court.  ECF Nos. 1, 2, 3.  Donoghue moves to proceed in forma pauperis and includes an inmate finance statement with his motion that indicates he has 14 cents in his account with zero deposits over the last year.  ECF No. 4 at 4.  The motion shall be granted.  Donoghue also filed a motion for leave to file lesser

number of copies, indicating that he is indigent and explaining the complex process to obtain copies from prison employees.  ECF No. 5.  Donoghue is advised that he need not file service copies of any of the pleadings he files in this case; the motion is granted.

Although denial of a FOIA request and the subsequent appeal of such a denial is normally a straight-forward statement regarding the documents requested and the reason the plaintiff feels the denial is improper, Donoghue's complaint concerns numerous details about tangentially related events explaining why he wants the documents requested or why he believes the documents exist. Donoghue also names defendants who are in no way involved in his battle to obtain records, including a former District Attorney and a retired circuit court judge for Baldwin County, Alabama, as well as his former defense attorney.  He has filed the complaint in this court because the National Archives and Records Administration is located in Maryland and that agency, like the others responding to Donoghue, found no records responsive to his requests.  ECF No. 1-1 at 25-28.

Donoghue has litigated some of his FOIA claims in the United States District Court for the District of Columbia.  *See Donoghue v. Office of Info. Policy, U.S. Dep't of Justice*, 157 F. Supp. 3d 21, 23, n.2 (D.D.C. 2016) (noting that Donoghue's complaint pertained to a single FOIA request submitted to the FBI and denying his attempts to expand the scope of the complaint to include FOIA requests to the Drug Enforcement Administration, the United States Department of Homeland Security, and the National Archives and Records Administration).  Donoghue appears to attempt something similar with the instant complaint.  In addition to his assertions that his FOIA requests were not properly researched and the responses were inadequate, he also appears to claim that his Alabama convictions are invalid because there was evidence shared in a "DO NOT COPY

file" which he was not allowed to review and that he has been denied his constitutional rights due to the failure of various federal agencies to locate and provide him with those documents.

Donoghue is a prisoner, making his complaint subject to screening under 28 U.S.C. § 1915A to determine if the claims raised are frivolous, malicious or fail to state a claim upon which relief may be granted. Further, Donoghue is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-23 (4th Cir. 1989).

This court does not have jurisdiction over matters concerning the validity of Donoghue's convictions. *See* 28 U.S.C. § 2241(a) (petitions challenging the validity of confinement must be filed in the jurisdiction where the prisoner is confined). To the extent that Donoghue challenges

3

the validity of his confinement or his convictions, the claims are dismissed without prejudice for lack of jurisdiction.

The matters concerning the FBI's response to Donoghue's FOIA request to that agency have already been adjudicated. The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986)). In addition, "'[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*. (quoting *Peugeot Motors of America, Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989). Donoghue's claims regarding the FBI's response to his FOIA claims must be dismissed as they are barred by the principles of *res judicata*.

As noted, Donoghue has filed this lawsuit in this court because the National Archives and Records Administration is located in Maryland. Jurisdiction over the remaining claims against the long list of agencies from which he has sought records, none of which is located in Maryland, is not clearly discernible from the pleadings filed. Donoghue has filed a conglomeration of FOIA claims that are unrelated; each agency's search for records and response to the requests directed to it require examination of different rationales, possible exemptions, and defenses. Further, venue for a FOIA complaint seeking to enjoin an agency from withholding records is proper only with the district court (i) in which the complainant resides, (ii) where the agency records are situated, or (iii) of the District of Columbia. 5 U.S.C. § 552(a)(4)(B). This court is thus inclined to dismiss without prejudice all of the claims pertaining to agencies other than the claim against the National Archives and Records Administration.

4

In light of the deficiencies noted with Donoghue's complaint and the fact that a majority of the claims must be dismissed, he will be required to file an amended complaint that concerns **only** his FOIA claim against the National Archives and Records Administration.  Donoghue is forewarned that failure to comply with this order will result in dismissal of the complaint in its entirety without prejudice and without further notice.  In light of the limited focus permitted in the amended complaint, Donoghue is advised that his amended complaint should not exceed 20 pages, exclusive of exhibits.

A separate order follows.


  10/8/20                                              /S/
Date                                            Catherine C. Blake
                                                United States District Judge